UNITED STATES of America, Plaintiff,

v.

**Barry GARFINKEL, Defendant.**

**No. Crim. 4–93–34.**

United States District Court,
D. Minnesota, Fourth Division.

June 8, 1993.

Francis X. Hermann, U.S. Atty. and Andrew M. Luger, Asst. U.S. Atty., Minneapolis, MN, for the government.

Douglas A. Kelley, and Douglas A. Kelley, P.A., Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court upon defendant Barry Garfinkel's objections to a Report and Recommendation of United States Magistrate Judge Floyd E. Boline dated May 19, 1993 ("Report and Recommendation"). Garfinkel objects to the magistrate judge's recommendation that his motion to dismiss counts 5 through 23 of the indictment ("counts 5 through 23") or, in the alternative, for a bill of particulars with respect to counts 5 through 23 be denied. Garfinkel also objects to the magistrate judge's recommendation that his motion to dismiss counts 24 and 25 of the indictment ("counts 24 and 25") be denied. Based upon a de novo review of the record herein, the court adopts the magistrate judge's recommendation that it deny both Garfinkel's motion to dismiss counts 5 through 23 and his alternative request for a bill of particulars and rejects the magistrate judge's recommendation that it deny his motion to dismiss counts 24 and 25.

## BACKGROUND

The facts underlying this matter are fully set forth in the magistrate judge's Report and Recommendation. Therefore, in the interest of economy, the court sets forth only those facts that are necessary to resolve Garfinkel's objections.

On February 16, 1993, a federal grand jury returned a twenty-five count indictment against Garfinkel. The indictment charges Garfinkel with mail fraud in violation of 18 U.S.C. § 1341 (counts 1 through 4), making and using false documents in violation of 18 U.S.C. § 1001 (counts 5 through 23) and failing to establish and maintain adequate and accurate records as required under 21 U.S.C. § 355(i) in violation of 21 U.S.C. § 331(e) (counts 24 and 25).

Garfinkel moved the court for an order dismissing counts 5 through 23 because the offenses alleged in those counts are duplicitous. In the alternative, Garfinkel moved the court for an order directing the government to issue a bill of particulars with respect to counts 5 through 23. The magistrate judge determined that counts 5 through 23 are not duplicitous and adequately apprise the defendant of the offenses with which he is charged. The magistrate judge thus recommends that the court deny Garfinkel's motions with respect to counts 5 through 23.

Garfinkel also moved the court for an order dismissing counts 24 and 25 because the offense charged in those counts, failing to maintain records required under 21 U.S.C. § 355(i) in violation of 21 U.S.C. § 331(e), only applies to drug manufacturers and sponsors of protocol investigations and not to protocol investigators. The magistrate judge rejected Garfinkel's argument, finding that the United States Food and Drug Administration ("FDA") has authority under § 355(i) to promulgate regulations covering protocol investigators. The magistrate judge thus determined that §§ 355(i) and 331(e) apply to protocol investigators and recommends that the court deny Garfinkel's motion to dismiss counts 24 and 25.

Garfinkel now objects to the magistrate judge's recommendations. In support of his objections, Garfinkel renews the arguments he made before the magistrate judge. The court considers each of Garfinkel's objections in turn and reviews, de novo, see 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(1)(C); Local Rule 72.1(c)(1) and (c)(2), the magistrate judge's Report and Recommendation.

## DISCUSSION

I.  *Counts 5 through 23*

Based upon a de novo review of the record herein, the court adopts the magistrate judge's Report and Recommendation on Garfinkel's motion to dismiss counts 5 through 23 or, in the alternative, for a bill of particu-

lars. The court determines that the offense charged in each of counts 5 through 23 is not duplicitous. In addition, the court determines that counts 5 through 23 clearly set forth the offenses charged and Garfinkel needs no bill of particulars to understand the charges against him. The court thus concludes that Garfinkel's motion to dismiss counts 5 through 23 or, in the alternative, for a bill of particulars, is denied.

## II. *Counts 24 and 25*

The issue before the court is whether 21 U.S.C. § 355(i) in conjunction with 21 U.S.C. § 331(e) makes it a crime for protocol investigators to fail to maintain adequate and accurate records. Section 355(i) expressly authorizes the promulgation of regulations requiring drug manufacturers or sponsors of clinical investigations to maintain and submit reports setting forth the results of clinical tests involving experimental drugs to the FDA. Section 355(i) provides:

> (i) The Secretary shall promulgate regulations for exempting from the operation of the foregoing subsections of this section drugs intended solely for investigational use by experts qualified by scientific training and experience to investigate the safety and effectiveness of drugs. Such regulations may, within the discretion of the Secretary, among other conditions relating to the protection of the public health, provide for conditioning such exemption upon—
>
> .    .    .    .    .
>
> (3) the establishment and maintenance of such records, and the making of such reports to the Secretary, by the manufacturer or the sponsor of the investigation of such drug, of data (including but not limited to analytical reports by investigators) obtained as the result of such investigational use of such drug, as the Secretary finds will enable him to evaluate the safety and effectiveness of such drug in the event of the filing of an application pursuant to subsection (b) of this section.

21 U.S.C. § 355(i). Section 331(e) provides that prohibited acts include:

> (e) . . . the failure to establish or maintain any record, or make any report, required under section . . . 355(i). . . .

21 U.S.C. § 331(e).

Garfinkel contends that § 355(i) and § 331(e) do not make it a crime for a protocol investigator to maintain inadequate or inaccurate records. Garfinkel bases his argument on the plain language of the statute and on *United States v. Smith,* 740 F.2d 734 (9th Cir.1984). In that case, the Ninth Circuit Court of Appeals ("Ninth Circuit") considered the issue that is now before the court. The government argued that:

> section 355(i) should be interpreted to apply to clinical investigators because regulations promulgated pursuant to 355 require sponsors to obtain from investigators a form stating that the investigator will maintain accurate drug testing records and case histories. . . .

*Id.* at 737. The government further argued that:

> [s]uch regulations . . . provide sufficient notice to investigators that failure to maintain accurate records would constitute a statutory offense.

*Id.*

The Ninth Circuit rejected the government's argument.

> Although the statute expressly authorizes regulations which impose affirmative duties on manufacturers and the sponsors of clinical investigations, we are reluctant to read the statute as authorizing criminal penalties for the violation of any regulation promulgated pursuant to the statute's *general* authorizing language. In creating the obligation to maintain drug testing records, Congress expressly imposed the burden on manufacturers and sponsors. § 355(i)(3). The government asks that we extend the statutory obligation to include clinical investigators pursuant to the statute's general regulatory authority which allows the Secretary to establish "other conditions relating to the protection of public health" before exempting manufacturers from the statute's basic drug approval application requirements. § 355(i). Such general authorizing language, howev-

er, is insufficient legislative guidance for the issuance of regulations which, if violated, would furnish the basis for criminal liability. Executive agencies have the authority to establish regulations which are enforced by criminal penalties only when Congress has provided "sufficient guidelines and standards for the exercise of authority." *United States v. Davis*, 564 F.2d 840, 844 (9th Cir.1977), *cert. denied*, 434 U.S. 1015, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978); *United States v. Suquet*, 551 F.Supp. 1194, 1198 (N.D.Ill.1982); *United States v. Piatti*, 416 F.Supp. 1202, 1205 (E.D.N.Y.1976).

*Id.* at 738. The Ninth Circuit further noted in dicta that:

> even if Congress had provided standards for extending the recordkeeping requirement to investigators by regulation, the regulatory language falls short of imposing an explicit affirmative duty on the investigators to maintain accurate records. The regulations do not make it clear that the investigator violates the statute by failing to submit accurate test data to the sponsor. Absent such a clear articulation of duty, we are not prepared to fasten criminal liability to the investigator who fails to fulfill his or her obligation to the sponsor.

*Id.* (footnote omitted).

The magistrate judge determined that Garfinkel's reliance on *Smith* is misplaced. This Court is unpersuaded by defendant's argument. *Smith* was decided in 1984 under old FDA regulations governing drug studies. Those old regulations did not make a clinical investigator's responsibilities clearly punishable; rather, the regulations required that the investigator commit to keeping accurate records by signing a statement to that effect.

Report and Recommendation at p. 8–9. The magistrate judge reasoned that new regulations promulgated by the FDA in 1987 ("1987 regulations") abrogated the ruling set forth

1. The 1987 regulations are found in 21 C.F.R. §§ 312.60–312.70 (June 1987).

2. The government relies on the following provision in support of its argument that § 355(i) contains a general provision authorizing the FDA to promulgate regulations covering protocol investigators:

in *Smith* by providing guidelines that set forth the responsibilities of clinical investigators.[1] In support of his determination, the magistrate judge relied on dicta from the *Smith* ruling.

> The regulations do not make it clear that the investigator violates the statute by failing to submit accurate test data to the sponsor. Absent such a clear articulation of duty, we are not prepared to fasten criminal liability to the investigator who fails to fulfill his or her obligation to the sponsor.

Report and Recommendation at 9 (quoting *Smith*, 740 F.2d at 738).

The government contends that the magistrate judge's recommendation is correct. The government argues that because § 355(i) contains a general provision authorizing the FDA to promulgate regulations, the court should broadly construe the authority of the FDA to promulgate regulations under that provision.[2] Moreover, the government argues that because the 1987 regulations were promulgated under 21 U.S.C. § 371(a), those regulations "have the status of law and violations of them carry heavy criminal and civil sanctions." In support of its assertion, the government cites *Abbott Lab. v. Gardner*, 387 U.S. 136, 151–52, 87 S.Ct. 1507, 1516–17, 18 L.Ed.2d 681 (1967). The government thus urges the court to adopt the magistrate judge's determination that the 1987 regulations abrogate *Smith* and the offense charged in both counts 24 and 25 is appropriate.

Based on its review of *Smith*, the court determines that the Ninth Circuit's reasoning is correct and adopts the ruling set forth in that opinion. Although the regulations promulgated under § 355(i) have changed since the Ninth Circuit issued *Smith*, Congress has not amended § 355(i) to legislatively address or overrule the Ninth Circuit. Both the magistrate judge and the govern-

> Such regulations may, within the discretion of the Secretary, among other conditions relating to the protection of the public health....

21 U.S.C. § 355(i). The court notes that the provision upon which the government now relies is the same provision upon which the government relied in *Smith*.

ment ignore the Ninth Circuit's determination that:

> the statute's general regulatory authority which allows the Secretary to establish "other conditions relating to the protection of public health" before exempting manufacturers from the statute's basic drug approval application requirements ... is insufficient legislative guidance for the issuance of regulations which, if violated, would furnish the basis for criminal liability. Executive agencies have the authority to establish regulations which are enforced by criminal penalties only when Congress has provided "sufficient guidelines and standards for the exercise of the authority." ... Congress did not provide sufficient guidance for the promulgation of regulations which would subject investigators to criminal liability for noncompliance.

*Smith,* 740 F.2d at 738–39 (citations omitted). Instead, both the government and the magistrate judge attach primary significance to the Ninth Circuit's determination that even if Congress had provided sufficient authority in § 355(i) for the promulgation of such regulations, no such regulations existed. That dicta, however, has no import in light of the fact that Congress has not amended § 355(i) since the Ninth Circuit issued *Smith.*[3]

In addition, the court finds that the government's reliance on *Abbott* and the other cases cited along with *Abbott* in its Memorandum in Opposition to Garfinkel's Objections, is misplaced.[4] Those cases discuss the finality and authority given to regulations promulgated by the FDA. Those cases did not involve situations, such as this, where the authorizing statute does not clearly provide the FDA with authority to promulgate the challenged regulations. This court concurs with the Ninth Circuit that § 355(i) contains no language authorizing the FDA to promulgate regulations covering protocol investigators, which if violated, would furnish the basis for criminal sanctions. If Congress wants the FDA to promulgate regulations that impose affirmative responsibility on protocol investigators to maintain adequate and accurate records which, if violated, leave the investigator subject to criminal sanctions, Congress must pass legislation specifically authorizing the promulgation of such regulations.

Based on the foregoing, the court concludes that the magistrate judge erred in recommending that it deny Garfinkel's motion to dismiss counts 24 and 25. Accordingly, IT IS HEREBY ORDERED that:

1. Garfinkel's motion to dismiss counts 5 through 23 or, in the alternative, for a bill of particulars, is denied; and

2. Garfinkel's motion to dismiss counts 24 and 25 is granted.

---

**3.** Both the government and the magistrate judge also attach some significance to statutory language contained in § 355(i)(3), an argument that apparently was not made before the Ninth Circuit. As previously stated, § 355(i)(3) provides that the FDA may prescribe regulations conditioning exemption from other sections of the Food, Drug and Cosmetic Act on:

> (3) the establishment and maintenance of such records, and the making of such reports to the Secretary, by the manufacturer or the sponsor of the investigation of such drug, of data (including but not limited to analytical reports by investigators) obtained as the result of such investigational use of such drug....

21 U.S.C. § 355(i)(3). Both the government and the magistrate judge apparently contend that the phrase "(including but not limited to analytical reports by investigators)" constitutes specific authorization for the promulgation of the 1987 regulations. However, a plain reading of § 355(i)(3) does not support their interpretation. Rather, the court determines that the phrase "(including but not limited to analytical reports by investigators)" merely qualifies the content of the information the drug manufacturer or sponsor of the investigation must include in their reports to the FDA.

**4.** The government also cites *Cosmetic, Toiletry and Fragrance Ass'n, Inc. v. State of Minnesota,* 440 F.Supp. 1216, 1221 (D.Minn.1977), *aff'd,* 575 F.2d 1256 (8th Cir.1978), and *National Ass'n of Pharmaceutical Mfrs. v. United States Food and Drug Admin.,* 637 F.2d 877 (2d Cir.1981) in support of its argument that the 1987 regulations have the status of law and a person who violates those regulations may incur criminal sanctions. *See* Government's Memorandum in Opposition to Garfinkel's Objections at 4.